UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                15-cr-794 (PKC)

    -against-

                                                ORDER

TIMMY WALLACE,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Defendant Timmy Wallace, who is proceeding on his own behalf, moves pursuant to 18 U.S.C. § 3582(c) and Section 401 of the First Step Act of 2018 (the "Act"), Pub. L. No. 115-391, 132 Stat. 5220, for a reduction of his sentence.  (Doc 213.)  Wallace argues that under Section 401 of the Act, his 1998 drug offenses for which a judgment of conviction was entered in 1999,[1] no longer qualify as predicate offenses for triggering the mandatory minimum sentence of fifteen years' imprisonment under 18 U.S.C. § 924(e), as (1) he did not serve a term of imprisonment of more than 12 months for the 1999 conviction and (2) his release from the sentences for the conviction was not within 15 years of the commencement of the instant offense.  (Id.)  For the reasons explained below, his motion will be denied.

BACKGROUND

        On September 13, 2016, a jury found Wallace guilty of one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g).  (Doc 118.)  The

---

[1] As then Judge Forrest pointed out in Wallace's February 10, 2017 sentencing, the 1999 conviction is actually based upon Wallace's entry of guilty pleas on October 7, 1998 for two drug offenses, one from March 13, 1998 and one from April 1, 1998; he was sentenced on April 15, 1999.  (Doc 175 (Sentencing Transcript) at 32-34; Doc 142 (Final Pre-Sentencing Report) ¶¶ 38-39.)

conviction stemmed from a May 25, 2015 traffic stop where Wallace was arrested and a subsequent search of his vehicle that revealed a loaded firearm stashed under the hood.  United States v. Wallace, No. 15-cr-794, 2016 WL 4367961, at *5 (S.D.N.Y. Aug. 11, 2016) (Forrest, J.)  On February 10, 2017, he was sentenced by then Judge Forrest to a mandatory minimum term of imprisonment of 15 years under the Armed Career Criminal Act.  (Doc 169.)  See 18 U.S.C. § 924(e).  Wallace appealed his conviction, arguing that the traffic stop leading to his arrest was unlawfully prolonged.  On November 27, 2019, the Second Circuit affirmed his conviction.  (Doc 178.)  His petitions for a writ of certiorari and a subsequent rehearing of that petition were denied by the Supreme Court of the United States on March 23, 2020 and May 18, 2020 respectively.  Wallace v. United States, 19-7716, 140 S. Ct. 2551 (2020); Wallace v. United States, 19-7716, 140 S. Ct. 2799 (2020).  In an Opinion and Order of January 5, 2021 (the "January 5 Order"), the Court denied Wallace's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (Doc 207.)  In an Opinion and Order of July 29, 2021, the Court denied Wallace's motion to reconsider the January 5 Order.  (Doc 211.)

DISCUSSION

As relevant here, Section 401 of the First Step Act amends the Controlled Substances Act, 21 U.S.C. § 801 et seq., by adding: "The term 'serious drug felony' means an offense described in section 924(e)(2) of title 18, United States Code, for which—(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  Pub. L. No. 115-391, 132 Stat. 5220 (internal quotation marks omitted) (revising 21 U.S.C. § 802).  The Act, however, also notes that "amendments made by [Section 401] shall

apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Id. at 5221.

As Wallace points out, he served a sentence of 90 days—well short of 12 months—for his 1998 New York state convictions for attempted criminal sale of a controlled substance in the third degree.  (Doc 142 (Final Pre-Sentencing Report) ¶¶ 38-39.)  And while the record does not indicate exactly when Wallace was released from his 90-day sentence for the 1999 conviction, it appears that he was released by at least November 23, 1999, when he sold controlled substances to an undercover police officer.  (Id. ¶ 40.)  Therefore, Wallace's release from his sentence for the 1999 conviction was not within 15 years of the commencement of the instant offense, which took place on May 25, 2015.  However, although Wallace committed the instant offense before the December 21, 2018 enactment of the Act, Wallace had already been sentenced on February 10, 2017 for the instant offense, (Doc 169.) meaning that the Act's amendments to qualifying drug conviction predicates under 18 U.S.C. § 924(e) do not apply here.  Accordingly, the Court is not permitted by statute as required by 18 U.S.C. § 3582(c)(1)(B) to modify Wallace's term of imprisonment.

Similarly, to the extent that Wallace also relies on 18 U.S.C. § 3582(c)(2) in his motion[2], the Court still may not reduce his sentence here, as the United States Sentencing Commission has not actually lowered the applicable sentencing range, which remains at a mandatory minimum of 15 years' imprisonment.  See 18 U.S.C. § 924(e)(1).

---

[2] Although Wallace notes that he is moving "[p]ursuant to 18 U.S.C. § 3582(c)(1)(B)" (Doc 213 at 6.), he generally references 18 U.S.C. § 3582(c) throughout his motion and cites language from 18 U.S.C. § 3582(c)(2).  (Id. at 8.)  Furthermore, "[a] document filed pro se is 'to be liberally construed.'"  Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

- 4 -

For the reasons explained above, Wallace's motion for a sentence reduction is DENIED.  The Clerk is directed to terminate the motion.  (Doc 213.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:      New York, New York
            November 2, 2021