UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

TIMMY WALLACE,

                Defendant.

15-cr-794 (PKC)

OPINION AND ORDER

---

CASTEL, Senior District Judge:

        Defendant Timmy Wallace moves pro se for a reduction in sentence for extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A) and United States Sentencing Guideline § 1B1.13(b)(6). (ECF 229.) He was convicted at trial of one count of being a felon in possession of firearm and ammunition and received a sentence of principally 180 months' imprisonment from former District Judge Forrest. His Guideline range as determined at the time of sentencing was 210 to 262 months' imprisonment (Total Offense Level 33 and Criminal History Category V) and faced a mandatory minimum of 180 months'. His conviction was affirmed on appeal. United States v. Wallace, 937 F.3d 130 (2d Cir. 2019).

        Wallace moved under 18 U.S.C. § 3582(c)(1)(A)(i) for a sentence reduction based principally on Covid-19 conditions, which was denied. (ECF 179; Minute Entry for May 13, 2020.) Wallace moved to vacate, set aside, or correct a sentence under section 2255 that was denied as was a motion to reconsider the denial of the section 2255 motion. (ECF 207 & 211.) He also moved under 18 U.S.C. § 3582(c)(1)(B), which was also denied. (ECF 213 & 215.) The Court also denied his motion for the appointment of counsel to pursue a claim under Amendment

Mailed to Mr. Wallace 10/1/2025

821 of the Guidelines because on the merits he was ineligible for such relief under the amendment. (ECF 222.)

Wallace now asserts that he received the 15-year mandatory sentence because he was found to be qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). 18 U.S.C § 924(e)(1). Wallace argues that because one of his prior convictions no longer qualifies as an ACCA predicate offense, he would not be subjected to a 15-year mandatory minimum if sentenced today. (ECF 229.) He argues that he would now be subject to a Guidelines range of 84 to 105 months' imprisonment, and, on this basis, there is a "gross disparity" under USSG § 1B1.13 between his current sentence and what he might otherwise be sentenced to today that qualifies as an "extraordinary and compelling" reason for a sentence reduction. (Id.)[1]

In its initial submission, the government agreed in part that he would not be subject to the ACCA-related enhancements because his 1998 conviction for attempted criminal sale of a controlled substance would no longer qualify as a "serious drug felony" under ACCA, a point the Court had made and explained in a different procedural context. (ECF 215.) The government cited the sentencing judge's assessment that without the ACCA enhancements he would be in a Guidelines range of 151 to 188 months' imprisonment (Total Offense Level 30 and Criminal History Category V). (ECF 234 at 6.)

In an act of candor and diligence, the Assistant United States Attorney responsible for the case wrote to the Court on September 3, 2025, to correct her earlier assessment and to report that, if sentenced today, defendant would likely 63 to 78 months' imprisonment (Total

---

[1] The 84 to 105 months' Guidelines range comes from a Pimentel letter before trial that was premised upon level reductions based upon acceptance of responsibility. (ECF 229 at 18.)

- 2 -

Offense Level 20, Criminal History Category V). (ECF 239.) The Court concurs in the revised assessment.

Extraordinary and Compelling Circumstances.

Provided that the exhaustion requirement is met, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). No claim is made by the government that defendant failed to exhaust his administrative remedy, and the Court deems the requirement satisfied administrative remedies.[2]

"Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). District courts have "broad discretion" when considering such motions and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (internal quotation marks omitted). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason'" for sentence reduction. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (quoting 28 U.S.C. § 994(t)).

Section 1B1.13 of the Guidelines is instructive on when change in sentencing law might qualify as an extraordinary and compelling circumstance that warrants a sentence reduction.

---

[2] Had an exhaustion objection been raised the Court would be required to consider whether it would be futile to make an application to a prison official that turned in large measure on the applicability of the ACCA enhancement and the correct Guidelines range if he were sentenced today.

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Id. § 1B1.13(b)(6).

He was first detained on the charge on September 11, 2015, and his detention is now in excess of ten years. (PSR, ECF 142 at 2.) His projected release date is August 22, 2029, so that he has served over 70% of his sentence. The Court comfortably concludes that a sentence of 180 months' imprisonment is "gross[ly] disparat[e]" from a sentence of 78 months' (the top of a 63 to 78 months' Guidelines range). § 1B1.13(b)(6).

"[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." Jones, 17 F.4th at 374. Even where such circumstances exist, "the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).

- 5 -

Section 3553(a) Factors

The 3553(a) factors do not help defendant's cause. At the time of the offense conduct he was about 35 years of age. He was driving a car with a removed VIN. A search for the VIN under the hood revealed a black plastic bag containing another black bag containing what was later determined to be a Cold Model 1903 Pocket Hammerless semi-automatic pistol with a defaced serial number and six cartridges. Wallace's DNA was found on the gun. His prior convictions included harassment, sales or attempted sales of controlled substances, attempted robbery and, most notably, a federal conviction in the Southern District of New York for a Felon in Possession of a Firearm Charge for which he received principally a 77-month sentence. Thus if he were sentenced today, a sentence at the top of the Guidelines (78 months') would not likely be an adequate deterrent to Wallace when a prior 77-month sentence for the same crime was not.

There are indications in the PSR that Wallace has "considerable limitations" that "appeared to be reflective of borderline intellectual functioning." (ECF 142 at 16.) This is a mitigating circumstance in terms of the history and characteristics of the defendant. But he reoffended by committing the same offense after receiving a 77-month sentence. Nor does his age substantially lessen the need to protect the public from further crimes by this defendant. Recidivism rates among defendants convicted of firearms offenses, even among older defendants, are high. See Recidivism Among Federal Firearms Offenses (U.S. Sentencing Commission 2019) at 22.[3]

---

[3] The rearrest rate of firearms offenders in the 41 to 50 years old category is reported to be 60.1%, compared with a 39.6% for non-firearm offenders. See Recidivism Among Federal Firearms Offenses (U.S. Sentencing Commission 2019) at 22.

Wallace's Bureau of Prisons disciplinary records, unfortunately, are a cause for pessimism about future conduct. A 14-page report identifies what appear to be over 40 separate incidents, some with multiple charges. In 2024 alone, the charges range from assaulting an inmate with closed fists (1/30/24 & 2/1/24), possessing a 5.5-inch sharpened plastic weapon (3/14/24), fighting with inmates (9/9/24 & 10/22/24), and disruptive behavior. Wallace states that "while he is guilty of some [of] the disciplinary violations . . . most of the disciplinary violations he was framed of committing [sic]." (ECF 237 at 15.) But he does not specifically address the 2024 incidents.

Section 3582(c)(1)(A) permits a court to "reduce the term of imprisonment," but also allows a court to "impose a term of probation or supervised release with or without conditions" so long as the length of such a term "does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

Based upon all of the foregoing, the Court will reduce Wallace's term of imprisonment from 180 months' to 144 months' imprisonment and increase his term of supervised release from one year to three years with the mandatory conditions, the court approved conditions and special conditions requiring substance abuse treatment (because of past substance abuse, PSR ¶ 67) as originally imposed in the judgment of February 13, 2017, and, in addition, with the following additional special conditions requiring mental health treatment (because of his borderline intellectual functioning) and a revised search condition (based upon the concealment of the firearm under the hood of the car). The Court makes this reduction mindful that the sentencing judge had stated that if the 15-year minimum had not applied, she would have sentenced defendant to 10 years. (Sentencing, Tr. at 49.) The assessment of the sentencing judge is not binding on this Court and does not take account of the poor, recent

disciplinary history.  All other conditions in the original judgment (ECF 169) remain unchanged.

An Amended Judgement will issue.

        SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: October 1, 2025
      New York, New York

COPY MAILED TO:
TIMMY WALLACE, Register No. # 49864-054
U.S. P. McCreary
P.O. BOX 3000
PINE KNOT, KY 42635